United States District Court
Southern District of Texas
**ENTERED**
May 15, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THANH H NGO, | § |
| | § |
| Petitioner, | § |
| VS. | § CIVIL ACTION NO. 4:17-CV-3154 |
| | § |
| MARK SIEGL, *et al*, | § |
| | § |
| Respondents. | § |

## MEMORANDUM AND ORDER

Petitioner Thanh H. Ngo is a detainee in the custody of the United States Immigration and Customs Enforcement ("ICE"). Ngo filed a petition for a writ of habeas corpus challenging his detention. Respondents filed a motion to dismiss the petition, and petitioner responded and moved for summary judgment. The respondents did not respond to Ngo's motion for summary judgment. Having considered the motions, the record, the relevant law, and the arguments of the parties, the Court concludes that the respondents' motion should be conditionally granted.

**I.     Background**

The following facts are not in dispute. Petitioner is a native of Vietnam. He arrived in the United States as a child in July 1984.

In 1996, Ngo was convicted of two state felony offenses, burglary, and grand theft by possession of stolen property, in Idaho. He was sentenced to concurrent terms of six and a half years imprisonment. As a result of these convictions, the United States government began removal proceedings against Ngo.

In 1997, Ngo was released on parole from his imprisonment on the Idaho state charges. He was transferred to the custody of federal immigration authorities in or about August 1977.

On December 19, 1997, Ngo was ordered removed to Vietnam. That order became final on February 20, 1998.

Petitioner states, and respondents do not dispute, that Ngo was in custody "[f]or years following the final entry of the removal order . . . ." Response to Motion to Dismiss ("Response") (Doc. # 6) at 4. He states that he was in federal immigration detention "[b]etween 1998 and 2008," *id.*, but does not specify whether he was in continuous detention for that entire period of time, or whether he was in custody for some portion of that time.

In 2008, Ngo was released from immigration detention under an Order to Supervision. The order required Ngo to report monthly to an ICE office and call the ICE office bi-weekly. Response, Exh. F.

On September 13, 2017, Ngo was arrested in Texas and charged with possession of marijuana. He was released to ICE custody on September 15, 2017, and has remained in ICE custody since that date.

On October 18, 2017, Ngo filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. On January 12, 2018, the government moved to dismiss the petition under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. On February 14, 2018, Ngo responded to the motion to dismiss, and cross-moved for summary judgment. The respondents did not respond to Ngo's motion for summary judgment.

## II. Standard of Review

Respondents argue that the petition is subject to dismissal under Fed.R.Civ.P. 12(b)(1). Rule 12(b)(1) provides for dismissal, in relevant part, when the court lacks subject matter jurisdiction. It is beyond dispute that

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1868).

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). The petitioner bears the burden of proving by a preponderance of the evidence that this Court has jurisdiction to hear his claims. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

## III. Analysis

Respondents argue that the Court lacks jurisdiction because Ngo did not name the correct respondent. The petition named Mark Siegl, the Houston Field Office Director for ICE, Elaine Duke, the Acting Secretary of Homeland Security, and Jefferson Sessions, the Attorney General of the United States. Respondents contend that the only person with the ability to produce Ngo for the Court is the warden of the detention facility, and that the warden is therefore the only proper respondent. Ngo argues that the warden was implicitly named as an agent of the respondents.

In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), a United States citizen was designated by the President as an enemy combatant and was confined in a United States Navy brig in South Carolina. Padilla filed a petition for a writ of habeas corpus in the

United States District Court for the Southern District of New York naming then-Secretary of Defense Donald Rumsfeld as the respondent. The government argued that the Commander of the naval brig was the only proper respondent. The district court, and the United States Court of Appeals for the Second Circuit found that Secretary Rumsfeld was an appropriate respondent. The Supreme Court disagreed.

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.* We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("lain The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales, supra*, at 574, 5 S.Ct. 1050); *Braden, supra*, at 495, 93 S.Ct. 1123 (" '[T]his writ ... is directed to ... [the] jailer,' " quoting *In re Jackson,* 15 Mich. 417, 439-440 (1867)).

*Padilla*, 542 U.S. at 434–35. This necessarily requires rejection of Ngo's agency argument: The brig commander was no less the agent of Secretary Rumsfeld than is the warden of the named respondents in this case.

Ngo also argues that the named respondents are proper because "Petitioner is being held in the custody and detention of the Department of Homeland Security." Response to Motion to Dismiss (Doc. # 6) at 13. Again, however, *Padilla* forecloses this argument.

> As we have explained, identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged "custody." In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent. If the "legal control" test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition. As the statutory language, established practice, and our precedent demonstrate, that is not the case.

*Padilla*, 542 U.S. at 439–40.

The Supreme Court has made clear that the prisoner's physical custodian, and no other official of the government agency under whose authority the prisoner is held, is the only proper respondent in a section 2241 petition. Because Ngo failed to name the only proper respondent, the petition must be dismissed without prejudice.

> In accord with the statutory language and *Wales'* immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

*Padilla*, 542 U.S. at 435.

### IV. Order

For the foregoing reasons, it is ORDERED that Respondents' motion to dismiss (Doc. # 5) is CONDITIONALLY GRANTED. The petitioner may move under Fed. R.

Civ. P. 15(a) for leave to amend his petition within 30 days of the date of this Order. If petitioner does not file a motion to amend within 30 days of the date of this Order, then the portion of this order granting the respondent' motion to dismiss will become final and a final judgment will be entered accordingly.

It is so ORDERED.

SIGNED on this 15th day of May, 2018.

_____
Kenneth M. Hoyt
United States District Judge